

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00803-CR

Pedro **JIMENEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR13315
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: March 4, 2020

APPEAL DISMISSED

Appellant Pedro Jimenez entered into a plea bargain with the State pursuant to which he pleaded guilty to felon in possession of a firearm as a repeat offender. The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal, and the district clerk filed a copy of the clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement. *See id.* R. 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id.* R. 25.2(a). We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. R. 25.2(d).

Here, the clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* R. 25.2(a)(2). The record also supports the trial court's certification that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

On January 7, 2020, we gave appellant notice that this appeal would be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that appellant has the right to appeal was made part of the appellate record by February 6, 2020. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Neither an amended certification nor other response has been filed. We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH